1  Ernest J. Franceschi, Jr. (State Bar No. 112893)
   FRANCESCHI LAW OFFICES
2  100 Wilshire Boulevard, Suite 700
   Santa Monica, California 90401
3  Telephone:  (213) 622-0835
   Email: ejf@franceschilaw.com
4
   Attorneys for Plaintiff
5  TOP GUN, Ltd.

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | TOP GUN, Ltd , an Oregon corporation | ) | **CASE NO.** |
   | --- | --- | --- |
12 |                            Plaintiff, | ) | COMPLAINT FOR: |
13 |     vs. | ) | 1)  Breach of Fiduciary Duty; |
14 | DAN WOLFE, an individual; DAN WOLFE, Trustee of the WOLFE FAMILY TRUST of 1992; WOLFE AIR AVIATION, Ltd.; HAWTHORNE HANGAR MANAGEMENT, LLC., a limited liability company, | ) | 2)  Negligence; |
15 |  | ) | 3)   Fraud and Deceit; and |
16 |  | ) | 4)   Declaratory Relief; |
17 |  | ) | DEMAND FOR TRIAL BY JURY |
18 |                            Defendants. | ) |  |
19 | _____ | ) |  |

20

21

22

23

24

25     COMES NOW Plaintiff TOP GUN, Ltd. and for cause of action against

26 Defendants, and each of them, alleges as follows:

27

28

---

**COMPLAINT**

## THE PARTIES, JURISDICTION AND VENUE

1. The jurisdiction of this honorable court is invoked pursuant to 28 U.S.C. section 1322, diversity of citizenship and amount in controversy. Plaintiff is a corporation organized and existing under the laws of the State of Oregon. The Defendants are a person and entities who are citizens of the State of California. The amount in controversy exceeds $500,000.00.

2. Plaintiff TOP GUN, Ltd. is a corporation organized and existing pursuant to the laws of the State of Oregon, with its principal place of business in the City of Portland, State of Oregon.

3. Plaintiff is informed and believes that Defendant DAN WOLFE is a citizen and resident of the State of California and is also the Trustee of the WOLFE FAMILY TRUST of 1992.

4. Plaintiff is informed and believes that Defendant DAN WOLFE acquired and holds control of Defendant WOLFE AIR AVIATION, Ltd., a California corporation through the WOLFE FAMILY TRUST which was formed pursuant to California law.

5. Plaintiff is further informed and believes that Defendant WOLFE AIR AVIATION, Ltd. is the controlling and managing entity of Defendant HAWTHORNE HANGAR MANAGEMENT, LLC., a California limited liability company who is the manager of HAWTHORNE HANGAR OPERATIONS, LIMITED PARTNERSHIP (hereinafter HHO), a California limited partnership. HHO was the owner of a fixed base operator (FBO) at the Hawthorne, California Municipal Airport. Fixed base operators are aviation related business on site at airports that provide fuel, short term parking and other aviation services to transient aircraft. Plaintiff is further informed and believes that through the WOLFE FAMILY TRUST, WOLFE AIR AVIATION, Ltd., and HAWTHORNE HANGAR MANAGEMENT, LLC, that DAN WOLFE controlled HAWTHORNE HANGAR OPERATIONS, LIMITED PARTNERSHIP (HHO).

6.  Plaintiff TOP GUN, Ltd. operates as a holding company of assets for the benefit of ERNEST J. FRANCESCHI, JR. and his spouse in lieu of a trust or other estate planning device. Other than holding assets and investments for the benefit of FRANCESCHI, TOP GUN, Ltd. transacts no business.

7.  ERNEST J. FRANCESCHI is TOP GUN's President and General Counsel. ERNEST J. FRANCESCHI, JR. is an attorney at law licensed to practice before all of the courts of the State of California and was former counsel to Defendant DAN WOLFE and HAWTHORNE HANGER OPERATIONS, LP. Plaintiff represented WOLFE and HAWTHORNE HANGER OPERATIONS, LP. in a federal anti-trust action in the United States District Court, Central District of California, which representation and the attorney fee disputes that flowed from it gave rise to this action

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

8.  Defendant DAN WOLFE retained ERNEST J. FRANCESCHI, JR. in November of 2020 to prosecute an action for federal antitrust violations under sections 1 and 2 of Title 15 of the United States Code, The *Sherman Antitrust Act* together with related claims in the United States District Court for the Central District of California, Case No. 2:20-cv-10744 against certain defendants for obstructing and interfering with aviation services provided by HHO and the monopolization of almost all other aviation services at the Hawthorne Airport in violation of Federal Aviation Regulations. The City of Hawthorne was also joined as a defendant for complicity in allowing the defendants to monopolize aviation services at the Hawthorne airport.

9.  The Hawthorne Municipal Airport, also known as Jack Northrop Field, FAA identifier KHHR is a general aviation public use airport that was built by the City of Hawthorne in 1939 as part of a deal to entice Jack Northrop to build his aviation factory adjacent to the airport. HHO occupied the former site of Northrop aviation.

10. The airport is now and has always been owned by the City of

Hawthorne. However, one tenant and its related entities have obtained a monopoly over practically all aviation services rendered to the consuming public at the airport, and controls virtually all aspects of the airports operations, with the exception of aircraft movement and air traffic control functions that are within the exclusive province of the FAA.

11. In November of 2020, ERNEST J. FRANCESCHI, JR. was initially engaged by Defendant DAN WOLFE who agreed to pay a flat fee of $175,000.00 for his services in the prosecution of the above described action. However, WOLFE, while accepting Plaintiff's services failed to pay any portion of the agreed retainer, claiming to be having financial problems and could not pay until WOLFE either sold property or obtained financing.

12. On September 17, 2021 after attorney FRANCESCHI had performed substantial work and had gone almost an entire year without payment, WOLFE and FRANCESCHI agreed to restructure their attorney-client agreement for the antitrust case, in combination with two other unrelated cases, a true and correct copy of the restructured retainer is attached hereto and made a part hereof by reference as *Exhibit 1*. The restructured agreement as to the antitrust matter provided for payment of the yet unpaid $175,000.00 flat fee together with an immediate transfer of a four percent (4%) limited partnership interest in HHO to FRANCESCHI. DAN WOLFE represented to FRANCESCHI that said limited partnership interest had a present value of $500,000.00 based upon a $125,000.00 value for each 1% for each limited partnership interest. Commencing September 1, 2021 interest would also accrue at the legal rate of 10% per annum on the unpaid $175,000.00 flat fee retainer. Finally, the restructured agreement as to the antitrust case provided for the $175,000.00 fee to be secured by a first deed of trust recorded on DAN WOLFE's real property located at 39802 Lakeview #10, Big Bear Lake, California 92315, with interest at 10% per annum accruing from September 1, 2021. Pursuant to the provisions in paragraph 8 under the section entitled "Disclosures Required by Rule 1.8.1"

13. FRANCESCHI was authorized by said restructured agreement to and did assign his entire limited partnership ownership interest in HHO to his holding company, Plaintiff TOP GUN, Ltd. to be held for the benefit of FRANCESCHI. WOLFE represented to FRANCESCHI both orally and in writing at the time *Exhibit* 1 was entered into that said 4% limited partnership ownership interest had a present value of at least $500,000.00.

14. Plaintiff alleges that the restructured attorney-client agreement, *Exhibit* 1 complied with all pertinent *California Rules of Professional Conduct* then in effect including, CRPC 1.8.1 pertaining to WOLFE obtaining informed written consent, WOLFE obtaining the advice of independent counsel, and FRANCESCHI providing the required written disclosures, and the transaction being fair and reasonable to WOLFE who had thus far obtained the benefit of substantial legal services provided by FRANCESCHI without payment. In compliance with CRPC 1.8.1, WOLFE was at all times represented in the transaction by his own independent legal counsel, Mark Brown, Esq.

15. Unbeknownst to Plaintiff and FRANCESCHI, WOLFE had been engaging in financial transactions with one Kevin Robl, and his company Production Capital, LLC, hard money lenders and known swindlers who have been sued multiple times by victims for RICO violations, ponzi schemes, and various frauds perpetrated by Robl and his company Production Capital, LLC. Plaintiff is informed and believes that Robl acted in concert with Remington Chase, another known swindler, convicted felon, and fraud perpetrator who served time in federal prison. One example of the multiple litigations brought against Robl, Chase, and Production Capital by their victims is manifested by *Exhibit* 2 [Caption pages only provided because the Complaint is 100 pages long. The Complete document may be accessed through PACER and is made a part hereof by reference]. Plaintiff is informed and believes and thereon alleges that DAN WOLFE had actual knowledge, or should have known from a cursory internet search, of the numerous actions for fraud against Robl

4
COMPLAINT

and Chase, as well as Chase's criminal history that they were known swindlers and perpetrators of fraud.  However, in gross dereliction of his fiduciary duties to the HHO limited partners,  DAN WOLFE  allowed Robl and Chase to transact financial business on behalf of HHO, including securing a fraudulent refinance loan on the HHO airport property.  Plaintiff is further informed and believes that WOLFE made available to Robl and Chase HHO's financial information and also executed documents authorizing them to act on behalf of HHO in conjunction with their financial dealings purportedly for the benefit of HHO.

16. Plaintiff is further informed and believes that Robl and Chase concocted a scheme whereby Robl would represent to WOLFE that he and Chase needed to be named officers of managing entity of HHO and authorized by WOLFE to act on behalf of HHO for the purpose of obtaining for HHO a $5.5 million loan at 2.75 % interest from their coconspirator, an unreputable lender known as Grand Pacific Financing Corporation.  However,  Robl and Chase with the complicity and participation of Grand Pacific, who actually funded a $7.3 million loan at 10% interest, converted to their own use the excess loan proceeds, leaving HHO liable for a loan that substantially diminished HHO's equity in the Hawthorne Airport property and which HHO would not be able to service, thereby allowing Grand Pacific to foreclose on the very valuable HHO property with its iconic history.  Plaintiff is further informed and believes that the converted funds have been moved by Robl and/or Chase to one or more foreign jurisdictions consistent with their *modus operandi* as described in the action manifested by *Exhibit* 2, leaving HHO essentially worthless.

17. Having allowed virtually all of HHO's equity to be converted by Robl and Chase through their fraud and the fraudulent loan that they procured, HHO was unable to make the very substantial payments thereon.  When Grand Pacific commenced foreclosure proceedings on the loan obtained by Robl and Chase, WOLFE filed a Chapter 11 bankruptcy proceeding for HHO.

18. Although Plaintiff is informed and believes that the initial bankruptcy filing was under Chapter 11, WOLFE failed to comply with the Chapter 11 requirements and rules of the Bankruptcy Court, including but not limited to providing the necessary accounting required of Chapter 11 debtors within the time required by the bankruptcy court rules after the filing, as well as other requirements. Plaintiff is informed and believes that WOLFE's failure to comply with the bankruptcy court rules and court orders resulted in the bankruptcy court converting HHO'S Chapter 11 reorganization filing to a Chapter 7 liquidation matter.

19. Plaintiff alleges that the Chapter 7 conversion of the HHO bankruptcy has rendered its ownership interest and that of the other limited partners in HHO worthless.

20. Plaintiff alleges that Wolfe also made it known to FRANCESCHI that he intended to file and was preparing to file a personal Chapter 7 bankruptcy as a result of an adverse result in a case where one of WOLFE's former lawyers had obtained prejudgment writs of attachment against all of WOLFE's real property for unpaid attorney fees and costs. Plaintiff is informed and believes and thereon alleges that upon filing of a Chapter 7 bankruptcy case, the debtor loses control of any litigation that he has filed and that counsel for a civil Plaintiff who is also a Chapter 7 bankruptcy debtor must be employed by the bankruptcy trustee pursuant to a bankruptcy court order to continue litigating previously filed civil actions, which become an asset of the bankruptcy estate of the debtor upon the filing of the Chapter 7 petition, and come under the control of the bankruptcy trustee.

21. Plaintiff is further informed and believes that Wolfe has for many years pursued a custom and practice of either not paying his lawyers or becoming seriously delinquent on payment of legal fees. WOLFE's objective being to obtain free or substantially discounted legal services. WOLFE would often turn against his lawyers when his attorney fee debts become too large, and the unpaid attorneys would threaten to withdraw from WOLFE'S cases.

22. WOLFE's *modus operandi* would often include making specious allegations that these lawyers to whom he owed money had committed malpractice, breached their fiduciary duty, and/or engaged in some unethical conduct, as an excuse for his non payment of the legal fees and costs that WOLFE incurred. Consistent with his *modus operandi*, Wolfe has made a similar direct and veiled threats against FRANCESCHI.

23. Subsequent to being relieved as DAN WOLFE'S counsel, FRANCESCHI learned, and alleges on information and belief that WOLFE did not proceed with his filing of a personal bankruptcy as he had represented to FRANCESCHI and instead concocted a scheme with the assistance of his lawyer GUY E. JAMISON who was representing WOLFE and the HHO limited partnership in the Production Capital litigation. The objective of the scheme was to usurp and eliminate the ownership interests of the existing HHO limited partners, as well as to usurp for WOLFE the opportunity presented by the Production Capital litigation. The scheme involved WOLFE obtaining an assignment from the Chapter 7 Trustee of the right to maintain the Production Capital litigation, all the while deceptively making it appear as if WOLFE was maintaining the Production Capital litigation on behalf of HHO for the benefit of the limited partners. Plaintiff is further informed and believes that if the concocted plan becomes successful, DAN WOLFE would emerge as the sole owner of HHO's assets, which at this point in time will be limited to the recovery, if any, that is achieved in the Production Capital litigation. If successful, DAN WOLFE would have thus profited from his own malfeasance, reckless dealings with the Production Capital defendants, and gross dereliction of his fiduciary duty described hereinabove.

24. On or about November 27, 2024 WOLFE'S counsel GUY E. JAMISON sent to FRANCESCHI a letter, a true and correct copy of which is attached hereto as *Exhibit* 3 in which he admits to having aided and abetted WOLFE in the furtherance of the scheme to usurp the ownership interest of the limited partners in HHO as well

as the opportunity presented by the Production Capital litigation by negotiating with the Chapter 7 Trustee on behalf of DAN WOLFE an assignment from the Trustee of the right to continue to maintain the Production Capital litigation. Plaintiff is informed and believes that the Trustee granted an assignment to DAN WOLFE personally, which had the effect of excluding the limited partners, including Plaintiff. Despite WOLFE being assigned the personal right to maintain the Production Capital litigation, WOLFE with the assistance of JAMISON deceptively and with the intent to mislead the limited partners that their interests were being represented, continued to maintain the action under the name of *HAWTHORNE HANGAR OPERATIONS, LP, a California Limited Partnership.* A true and correct copy of the face sheet of the Production Capital Complaint, LASC Case No. 21STCV39700 is attached hereto as *Exhibit* 4, and the Superior Court Case Summary of said litigation is attached as *Exhibit* 5.

25. Plaintiff alleges that at no time did DAN WOLFE or JAMISON ever: 1) Disclose to Plaintiff in writing and in a clear and conspicuous manner that such an assignment was being sought; 2) Inform the limited partners, including Plaintiff in writing of the consequences to the limited partners interests of such an assignment; 3) Obtain the informed written consent of each of the limited partners, including Plaintiff to the assignment; and 4) Offer to Plaintiff and each of the limited partners of HHO in writing the opportunity to participate in the assignment. By failing or refusing to notify Plaintiff and each of the limited partners of HHO and get their written informed consent to the assignment, DAN WOLFE usurped for himself to the detriment of all of the limited partners, including Plaintiff the opportunity to prevent the complete and total loss of their limited partnership interests that was precipitated by the actions of Grand Pacific, Production Capital, Robl, Chase and DAN WOLFE's breach of fiduciary duty as described above, all with the objective of DAN WOLFE emerging as the sole owner of HHO's assets, which is expected to constitute the proceeds of the

Production Capital litigation, if any.

## FOR A FIRST CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS DAN WOLFE DAN WOLFE, TRUSTEE OF THE WOLFE FAMILY TRUST OF 1992; WOLFE AIR AVIATION, LTD.; HAWTHORNE HANGAR MANAGEMENT, LLC.

26. Plaintiff repeats and realleges the contents of paragraphs 1 through 25, inclusive above and incorporates same in this cause of action as though set forth at length herein.

27. California law imposes a fiduciary duty on the officers of a general partner entity of a limited partnership to safeguard the partnership assets and to act only in the best interest of the limited partners which includes a duty to deal with the limited partners, such as Plaintiff with the utmost honesty, fairness, fidelity and good faith. Plaintiff alleges that DAN WOLFE was either the general partner in his personal capacity or the CEO of the entity Hawthorne Hangar Management, LLC and its controlling entity WOLF AIR AVIATION, Ltd. which is listed in the California Secretary of State records as the general partner of HHO.

28. Plaintiff alleges that DAN WOLFE at all relevant times had actual knowledge that Robl was a morally turpid swindler and that Chase was a convicted felon and perpetrator of frauds who had served time in federal prison. Nevertheless, WOLFE with this knowledge allowed Robl and Chase to access HHO financial information and authorized them to deal with financial institutions and negotiate a loan on behalf of HHO. Plaintiff is informed and believes that DAN WOLFE allowed and authorized Robl and Chase to execute binding documents on HHO's behalf. By vesting such authority in them, DAN WOLFE knew or should have known that he had placed Robl and Chase in a position to steal HHO's equity in the airport property and cause financial loss to the limited partners.

29. Plaintiff alleges that DAN WOLFE's conduct was reckless, and a gross

9
COMPLAINT

dereliction of his fiduciary duty to Plaintiff and the other limited partners. Moreover, DAN WOLFE failed or refused to disclose to Plaintiff and the other limited partners that he had authorized Robl and Chase to engage in the foregoing financial transactions on behalf of HHO and secreted these facts from the limited partners. Plaintiff is also informed and believes that WOLFE failed to disclose to any limited partner, including Plaintiff that he had appointed Robl and/or Chase officers of WOLF AIR AVIATION, Ltd., the managing entity of HHO with authority to act on HHO's behalf. WOLFE'S breach of fiduciary duty proximately caused the loss of Plaintiff 's equity interest in HHO in an amount no less than $500,000.00 or as will be shown at time of trial according to proof.

30. Plaintiff further alleges that the conduct of DAN WOLFE as described hereinabove was a wanton breach of DAN WOLFE's fiduciary duty, was intentional, malicious, oppressive, and done in conscious disregard of the rights of Plaintiff and the other limited partners. An award of punitive and/or exemplary damages against DAN WOLFE pursuant to *Civil Code* section 3294, is therefore justified in an amount no less than $5,000,000.00 or other amount as will be shown at time of trial sufficiently large to set a public example of deterrence.

31. Plaintiff is informed and believes and thereon alleges that the Limited Partnership Agreement of HAWTHORNE HANGAR OPERATIONS, LIMITED PARTNERSHIP contains a prevailing party attorney fee provision as does the *Revised Engagement and Agreement for antitrust action by Dan Wolfe and Hawthorne Hangar Operations, L.P. against Hawthorne Airport, LLC., Advanced Air, LLC, David Wehrly, Levi Stockton, and City of Hawthorne; and California Rule of Professional Conduct 1.8.1 Disclosure and Agreement* 9:10, Plaintiff TOP GUN alleges that as FRANCESCHI'S assignee of the benefits that were owed to FRANCESCHI under the foregoing agreement, that it is entitled to an award of attorney fees pursuant to the prevailing party attorney fee provisions as will be sought by post trial motion.

## FOR A SECOND CLAIM FOR RELIEF FOR
## NEGLIGENCE AGAINST DEFENDANT DAN WOLFE

32. Plaintiff repeats and realleges the contents of paragraphs 1 through 31, inclusive above and incorporates same in this cause of action as though set forth at length herein.

33. Plaintiff alleges that DAN WOLFE at all times herein mentioned failed to exercise such reasonable care, skill, and diligence as required of general partners of a limited partnership to safeguard the investment of the limited partners and to deal with the limited partners with the utmost fairness and fidelity. In particular, in gross dereliction of his duty of care engaged in transactions with Robl and Chase as described above to the detriment of Plaintiff as a limited partner. The failure to exercise such reasonable care for the pecuniary interest of the limited partners legally caused injury and damage to Plaintiff, including but not limited to the loss of Plaintiff's equity interest in HHO, which Plaintiff is informed and believes was approximately $500,000.00 at the time of loss.

34. Plaintiff is informed and believes and thereon alleges that the Limited Partnership Agreement of HAWTHORNE HANGAR OPERATIONS, LIMITED PARTNERSHIP contains a prevailing party attorney fee provision as does the *Revised Engagement and Agreement for antitrust action by Dan Wolfe and Hawthorne Hangar Operations, L.P. against Hawthorne Airport, LLC., Advanced Air, LLC, David Wehrly, Levi Stockton, and City of Hawthorne; and California Rule of Professional Conduct 1.8.1 Disclosure and Agreement* 9:10. Plaintiff TOP GUN alleges that as FRANCESCHI'S assignee of the benefits that were owed to FRANCESCHI under the foregoing agreement, that it is entitled to an award of attorney fees pursuant to the prevailing party attorney fee provisions as will be sought by post trial motion. against Defendant DAN WOLFE.

## FOR A THIRD CLAIM FOR RELIEF FOR FRAUD AND FRAUDULENT CONCEALMENT AGAINST DEFENDANT DAN WOLFE

35. Plaintiff repeats and realleges the contents of paragraphs 1 through 34, inclusive above and incorporates same in this cause of action as though set forth at length herein.

36. Plaintiff alleges that the Defendant WOLFE against whom this cause of action is directed never informed any of the limited partners of HHO, including Plaintiff that WOLFE intended to engage and or had engaged in a refinance transaction with Robl, Production Capital, Chase, and Grand Pacific. Wolfe never informed any limited partner including Plaintiff that Robl was a morally turpid swindler and that Chase was a convicted felon and fraudster who had served time in federal prison. Further, WOLFE never informed any limited partner including Plaintiff that WOLFE intended to allow Robl and Chase to access HHO's financial information and to allow them to deal with a financial institution, Grand Pacific and negotiate a loan on behalf of HHO. WOLFE also never informed any limited partner including Plaintiff that Wolfe intended to make Robl and Chase officers of managing entity of HHO and to allow and authorized Robl and Chase to execute binding documents on HHO's behalf. Moreover, there was no disclosure by WOLFE to the HHO limited partners that such actions by WOLFE would place Robl and Chase in a position to execute their fraudulent scheme, steal the loan proceeds, and decimate HHO's equity in the airport property as well as the equity interest held by the limited partners, including Plaintiff.

37. Plaintiff alleges that both GUY E. JAMISON and DAN WOLFE had fiduciary duties to Plaintiff and the limited partners of HHO, which they breached. WOLFE as the defacto general partner of HHO, who was in control of the entity, had an obligation to disclose all of the facts set forth above in a timely manner to the limited partners, including Plaintiff before doing the things heretofore alleged so as to

provide the limited partners, including Plaintiff with the opportunity to persuade WOLFE not to engage in the proposed actions and/or to take legal action to prevent WOLFE from doing so.  JAMISON also had a fiduciary and ethical duty to the limited partners of HHO, including Plaintiff to avoid the adverse and conflicted representation of WOLFE while representing the interests of the limited partners of HHO in the Production Capital litigation.

38.     Plaintiff further alleges on information and belief that DAN WOLFE was aided and abetted by his lawyer GUY E. JAMISON in secreting from the limited partners the fact that WOLFE had GUY E. JAMISON negotiate an agreement with the HHO Chapter7 Trustee for the Trustee to assign the Trustee's rights to DAN WOLFE to maintain the Production Capital action, but did not offer to allow any of the limited partners to participate in said assignment of the action so as to offset the loss of their investments in HHO.  Plaintiff is informed and believes that GUY E. JAMISON and  DAN WOLFE did this to allow WOLFE to usurp an opportunity belonging to the HHO limited partners in order to obtain for himself the exclusive right to maintain the Production Capital litigation, and consequently if successful, eliminate the other limited partners ownership interest in HHO so that DAN WOLFE could emerge as the sole owner of HHO.

39.     Plaintiff alleges that WOLFE who was representing the interests of the HHO limited partners in the Production Capital litigation  had a duty to disclose the foregoing material facts to the limited partners.  Plaintiff alleges that WOLFE'S  concealment of said material facts was fraudulent and intended to prevent any of the limited partners, including Plaintiff from taking action to join as a plaintiff or intervene in the Production Capital litigation.

40.     As a direct and proximate result of  WOLFE'S fraudulent concealment of the foregoing material facts from the HHO limited partners,  Plaintiff has lost its entire limited partnership interest in HHO, which has been rendered worthless and it has also lost the opportunity to obtain the assignment of the right to maintain the

Production Capital litigation.

41. WOLFE's conduct, was intentional, malicious, oppressive, and done in conscious disregard of the rights of Plaintiff and the other limited partners. An award of punitive and/or exemplary damages against WOLFE pursuant to California *Civil Code* section 3294, is therefore appropriate in an amount no less than $5,000,000.00, or such other amount as will be shown at time of trial sufficiently large to set a public example of deterrence.

42. Plaintiff further asserts that he is entitled to the imposition of a constructive trust on the proceeds from the assignment of the right to maintain the Production Capital litigation, all rights flowing therefrom as well as all monies and assets of any description that DAN WOLFE may recover in the Production Capital litigation by reason of his breach of fiduciary duty to the limited partners, including Plaintiff.

43. Plaintiff is informed and believes and thereon alleges that the Limited Partnership Agreement of HAWTHORNE HANGAR OPERATIONS, LIMITED PARTNERSHIP contains a prevailing party attorney fee provision as does the *Revised Engagement and Agreement for antitrust action by Dan Wolfe and Hawthorne Hangar Operations, L.P. against Hawthorne Airport, LLC., Advanced Air, LLC, David Wehrly, Levi Stockton, and City of Hawthorne; and California Rule of Professional Conduct 1.8.1 Disclosure and Agreement* 9:10, Plaintiff TOP GUN alleges that as FRANCESCHI'S assignee of the benefits that were owed to FRANCESCHI under the foregoing agreement, that it is entitled to an award of attorney fees pursuant to the prevailing party attorney fee provisions as will be sought by post trial motion.

////

////

////

////

## FOR A FOURTH CLAIM FOR DECLARATORY RELIEF AGAINST DEFENDANTS DAN WOLFE, DAN WOLFE, Trustee of the WOLFE FAMILY TRUST of 1992; WOLFE AIR AVIATION, Ltd.; HAWTHORNE HANGAR MANAGEMENT, LLC., PURSUANT TO 28 U.S.C. SECTION 2021

44. Plaintiff repeats and realleges the contents of paragraphs 1 through 43, inclusive above and incorporates same in this cause of action as though set forth at length herein.

45. A dispute has arisen between Plaintiff, WOLFE, and the corporations and entities that WOLFE controls which are named as defendants in this action over whether or not WOLFE and said entity defendants breached their fiduciary duty to Plaintiff as a limited partner of HHO and/or duties imposed by law and whether or not said breaches of fiduciary duty proximately cause financial loss and/or harm to Plaintiff.

46. Plaintiff alleges that it is entitled to a decree from this Court declaring that Defendant WOLFE and the entity defendants breached their fiduciary duties.

47. Plaintiff is informed and believes and thereon alleges that the Limited Partnership Agreement of HAWTHORNE HANGAR OPERATIONS, LIMITED PARTNERSHIP contains a prevailing party attorney fee provision as does the *Revised Engagement and Agreement for antitrust action by Dan Wolfe and Hawthorne Hangar Operations, L.P. against Hawthorne Airport, LLC., Advanced Air, LLC, David Wehrly, Levi Stockton, and City of Hawthorne; and California Rule of Professional Conduct 1.8.1 Disclosure and Agreement* 9:10, Plaintiff TOP GUN, Ltd. alleges that as FRANCESCHI'S assignee of the benefits that were owed to FRANCESCHI under the foregoing agreement, that it is entitled to an award of attorney fees pursuant to the prevailing party attorney fee provisions as will be sought by post trial motion.

WHEREFORE Plaintiff prays for judgment as follows:

1. For economic damages in the minimum amount of $500,000.00 as measured by the value of the loss of Plaintiff's limited partnership interest in HHO or as will be show at time of trial according to proof against Defendants DAN WOLFE, jointly and severally;

2. For a declaratory judgment pursuant to 28 U.S.C. SECTION 2021 that DAN WOLFE breached his fiduciary duties and that said breach was the proximate cause of the loss of Plaintiff's limited partnership interest in HHO;

3. For punitive and exemplary damages against DAN WOLFE individually, DAN WOLFE, Trustee of the WOLFE FAMILY TRUST of 1992; WOLFE AIR AVIATION, Ltd.; HAWTHORNE HANGAR MANAGEMENT, LLC. in the amount of $5,000,000.00 jointly and severally on each of the following causes of action: The First, and Third;

4. For the imposition of a constructive trust for the benefit of Plaintiff on all proceeds recovered by any defendant by reason of the assignment of the right to maintain the Production Capital litigation as well as any recovery that DAN WOLFE personally may obtain in the Production Capital litigation;

5. For interest at 10% per annum on the sum of $175,000.00, commencing September 1, 2021 pursuant to paragraphs 3(a) of the *Revised Engagement Agreement*, *Exhibit* 1;

6. For an award of costs and attorney fees against DAN WOLFE individually, DAN WOLFE, Trustee of the WOLFE FAMILY TRUST of 1992; WOLFE AIR AVIATION, Ltd.; HAWTHORNE HANGAR MANAGEMENT, LLC. Jointly and severally in a post trial motion pursuant to the prevailing party attorney fee provision contained in both the *HHO Limited Partnership Agreement* and the *Revised Engagement and Agreement for antitrust    action by Dan Wolfe and Hawthorne Hangar Operations, L.P. against Hawthorne Airport, LLC., Advanced Air, LLC, David Wehrly, Levi Stockton, and City of Hawthorne; and California Rule of*

*Professional Conduct 1.8.1 Disclosure and Agreement* 9:10*;* as FRANCESCHI'S assignee of the benefits that were owed to FRANCESCHI under the foregoing agreement, that it is entitled to an award of attorney fees pursuant to the prevailing party attorney fee provisions as will be sought by post trial motion.

7. For cost of suit incurred herein; and other fees and costs as are just and proper.

8. For such other and further relief as the court may deem just and proper in the premises.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury in the within cause as to the legal claims.

Dated: January 14, 2024                                FRANCESCHI LAW OFFICES

By /s/ *Ernest J. Franceschi, Jr.*
Ernest J. Franceschi, Jr.
Attorney for Plaintiff
TOP GUN, LTD.